Case 4:23-cv-04053   Document 17   Filed on 07/21/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 21, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY R. J., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.: 4:23-cv-4053 |
| | § | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case is before the court on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. ECF 16. The Commissioner does not object to the requested relief. Having considered Plaintiff's submissions and the law, the Court recommends that Plaintiff's motion be GRANTED.[1]

The District Judge adopted the Magistrate Judge's recommendations and remanded this case to the Commissioner on April 29, 2025. ECF 15. Thus, Plaintiff is the prevailing party and is entitled to an award of reasonable attorney's fees. *See Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993) (holding that a plaintiff who obtains a remand order is a prevailing party); *Banks v. Berryhill*, Civil Action No.

---

[1] The District Judge referred the case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. ECF 3.

4:18-cv-0239, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019) (holding that "[a]ny attorneys' fees awarded under the EAJA must be reasonable.").

The EAJA sets the rate for attorney's fees at $125 per hour, "unless the court determines that an increase in the cost of living or a special factor" justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion to increase the statutory hourly rate. *Martha V. v. Kijakazi*, No. 4:21-CV-3267, 2023 WL 5186869, at *2 (S.D. Tex. Aug. 10, 2023). To determine a reasonable rate, courts adjust the current $125.00 statutory rate using the average Consumer Price Index for the region where the work was performed for the specific year in which the work was performed. *See Perales v. Casillas*, 950 F.2d 1066, 1079 (5th Cir. 1992) (instructing the district court "to segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). Specifically, the court compares the CPI for this region in 1996 when the $125.00 rate was established (which is 142.7), and the CPI for the year in which the work was performed, to arrive at a differential that is then multiplied by $125.00 per hour. *See Martha V.*, 2023 WL 5186869, at *3 (calculating the 2023 hourly rate of $232.30 based on the CPI for the Houston-the Woodlands-Sugarland, TX region); *Kimberly G. v. Dudek,.*, No. 4:24-CV-2542, 2025 WL 1899061, at *2 (S.D. Tex. July 9, 2025) (calculating the 2024 and 2025 hourly rates of $240.19 and $243.58 respectively using the CPI for the Houston-The Woodland-Sugarland, TX region).

Here, Plaintiff seeks an award of attorney's fees in the amount of $7,840.00 representing 32 hours of work at the rate of $245.00 per hour, plus costs of $402.00. ECF 16. Plaintiff has submitted counsel's Statement of Attorney Time Expended. ECF 16-1. According to the Statement, counsel worked 4.4 hours in 2023, worked 25 hours in 2024, and worked 3.3 hours in 2025, for a total of 32.7 hours. Counsel in cases of this kind typically request fees for 20-40 hours or work. *Martha V.*, 2023 WL 5186869, at *2. The Court finds the number of hours for which fees are requested to be reasonable.

Based on the calculation method and precedents cited above, the Court finds that the standard hourly rate for 2023 is $232.30, for 2024 is $240.19, and for 2025 is $245.00.[2] This results in fees of $1,022.12 for 2023 (232.30 x 4.4), $6,004.75 for 2024 (240.19 x 25), and $808.00 (245.00 x 3.3.) for 2025, for a total of $7,834.87.

The small variance in the fee request and the calculation above is a result of Plaintiff's request for $245.00 per hour for all hours worked, without regard to the year in which the work was performed (and making a small reduction from 32.7 actual hours worked to 32 hours requested). ECF 16. Plaintiff's hourly rate request utilizes the CPI for the South region, as opposed to the specific Houston-The Woodlands-Sugarland, TX regions. *See id.* In any event, the de minimis variance

---

[2] The Court calculated the $245.00 hourly rate by multiplying 125 by 1.96, the differential of the June 2025 CPI of 279.57 and the March 1996 CPI of 142.7.

between the request and the Court's calculation is immaterial. The Court finds that Plaintiff's request for attorneys' fees in the amount of $7,840.00 and costs in the amount of $402.00 is reasonable.

The Court therefore RECOMMENDS that Plaintiff's Motion for Attorneys' Fees (ECF 16) be GRANTED and a Final Judgment be entered awarding Plaintiff fees under the EAJA in the amount of $7,840.00 and $402.00 in costs.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 21, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge